UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Achkei Wilson, <br><br> Plaintiff, <br><br> v. <br><br> Illinois Department of Employment Security, <br><br> Defendant. | Case No. 1:20-cv-06479 <br><br> Judge Mary M. Rowland |

## ORDER

After prevailing on summary judgment, Defendant submitted a bill of costs requesting that the Clerk tax costs totaling $2,771.55 against the Plaintiff, Achkei Wilson. [86]. Plaintiff filed objections to the bill of costs. [91]. Having reviewed Plaintiff's objections, Defendants' bill, and the supporting documentation, the Court declines to tax any costs in Defendant's favor but orders that Defendant may submit a revised bill of cost in compliance with the rulings below within 30 days of this order.

## STATEMENT

Plaintiff filed the first complaint in this action on October 30, 2020. [1]. Defendant filed a motion for summary judgment on February 21, 2023, and the Court entered summary judgment in Defendant's favor on September 28, 2023. [58]; [83]. Defendant filed its bill of costs on October 30, 2023. [86]. Plaintiff filed his objections to the bill of costs on November 14, 2023, and filed a notice of appeal the next day. [91]; [92]. The Seventh Circuit subsequently dismissed Plaintiff's appeal. [103]. Accordingly, the Court can now rule on Defendant's bill of costs.

Under Federal Rule of Civil Procedure 54(d), "costs—other than attorney's fees—should be allowed to the prevailing party." Rule 54(d) creates a presumption that the prevailing party will recover costs. *Crosby v. City of Chicago*, 949 F.3d 358, 363–64 (7th Cir. 2020). However, "the decision to make the award is entrusted to the discretion of the district court. In assessing a bill of costs, the district court must determine whether the costs are allowable and, if so, whether they are both reasonable and necessary." *Soler v. Waite*, 989 F.2d 251, 254–55 (7th Cir. 1993) (citations omitted). "Any party seeking an award of costs carries the burden of showing that the requested costs were necessarily incurred and reasonable." *Trustees of Chi. Plastering Inst. Pension Tr. v. Cork Plastering Co.*, 570 F.3d 890, 906 (7th Cir. 2009). 28 U.S.C. § 1920 enumerates the categories of costs recoverable under this rule.

Plaintiff objects to Defendant's bill on three bases. First, Plaintiff argues that Defendant waived their right to file a bill of costs by filing it more than 30 days after the Court entered judgment. Second, Plaintiff argues that costs should be waived because Plaintiff is not gainfully employed and does not have the means to pay them. Third, Plaintiff argues that Defendant's copy rates exceed those permissible by Local Rule 54.1. As to the first two objections, the Court disagrees. As to the third, Defendant did not include the number of pages in each transcript, and the Court thus cannot determine at what copy rate Defendant seeks to recover costs. The Court explains in more detail below.

2

First, Defendant's bill of costs was timely filed. Ordinarily, a bill of costs must be filed within 30 days of the entry of judgment. LR 54.1. The Court entered judgment in Defendant's favor on September 28, 2023. Defendant filed their bill of costs on October 30, 2023, which was 32 days after the Court entered judgment. However, Defendant's 30-day deadline expired on Saturday, October 28, 2023. October 30th was the next business day. When a prevailing party's deadline to file a bill of costs falls on a weekend, the deadline is extended to the next business day. *See Kemp v. Kickert Sch. Bus Lines, Inc.*, No. 1:19-CV-07637, 2023 WL 2711563, at *5 (N.D. Ill. Mar. 30, 2023). Defendant's bill of costs was thus timely filed.

Next, the Court finds that Plaintiff has the means to pay costs. As of January of this year, Plaintiff's household income was $11,836 a month. This is roughly 4.5 times the poverty line for a family of four. *See* https://aspe.hhs.gov/topics/poverty-economic-mobility/poverty-guidelines. The Court does not believe that Plaintiff cannot pay the bill of costs.

Third, as discussed above, the Court cannot determine at what per-page rate Defendant seeks to recover transcript costs because Defendant did not include the number of pages in each transcript. As a result, the Court cannot tax the $2,203.40 associated with transcript costs that Defendant seeks. If Defendant wishes to file a revised bill of costs to address this issue, Defendant may do so. Defendant is reminded that it is only able to recover costs related to the actual transcript of the deposition, rather than any electronically generated word indexes that may be included in the

3

file. *See United States v. Woodward Governor Co.*, No. 06 C 1746, 6 2016 WL 2755324, at *5 (N.D. Ill. May 12, 2016) (collecting cases).

In addition to Plaintiff's objections, there is an issue with one other category of costs that Defendant seeks to recover. Defendant seeks $105.00 in costs for "electronic transcripts." Absent an explanation as to why an electronic transcript is necessary, rather than simply for attorney convenience, Defendant cannot recover these costs. *See Brown v. Cnty. of Cook*, No. 06 C 617, 2011 WL 4007333, at *3 (N.D. Ill. Sept. 8, 2011).

Based on Defendant's bill of costs and Plaintiff's objections, the Court finds that the other categories of costs that Defendant seeks to recover are reasonable and appropriate. The recoverable costs total $463.15. If Defendant does not file a revised bill of costs within 30 days of entry of this order, the Court will enter an order taxing Plaintiff $463.15 in Defendant's favor. Defendant is reminded that it can only recover costs that were reasonably necessary, rather than those incurred simply for "the convenience of the attorneys." *Bd. of Trustees of Univ. of Illinois v. Micron Tech.*, Inc., No. 2:11-CV-2288-SLD-JEH, 2018 WL 11422073, at *4 (C.D. Ill. Mar. 5, 2018).

## CONCLUSION

For the stated reasons, the Court declines to tax any costs in favor of Defendant. Defendant can file a revised bill of costs within 30 days of entry of this order. If Defendant fails to do so, the Court will enter an order taxing $463.15 in favor of Defendant and against Plaintiff, and any other costs that Defendant incurred will be waived.

E N T E R:

Dated: December 19, 2024

_____
MARY M. ROWLAND
United States District Judge